UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** | ) | **CASE NO. 5:23CV323** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **LAWRENCE S. HOPKINS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #16) of Defendants Lawrence S. Hopkins and Northside Tavern LLC to Set Aside Default. For the following reasons, the Motion is granted.

**I. BACKGROUND**

The above-captioned Complaint was filed on February 20, 2023, alleging illegal interception and exhibition of Plaintiff Joe Hand Promotions' exclusive programming. On February 22, 2020, Defendants or their employees at The Northside Tavern (Bar TNT) unlawfully and without authorization intercepted and broadcast the "Wilder v. Fury Championship Fight," for which Plaintiff had the exclusive right to nationwide commercial distribution via pay-per-view telecast.

Certified mail service of the Complaint upon Defendant The Northside Tavern was returned as "refused" on March 9, 2023. Certified mail service upon Defendant Lawrence S. Hopkins was returned as "unclaimed" on March 24, 2023. Ordinary mail service upon both Defendants was subsequently issued by the Clerk of Court. No answers or other responsive

pleadings were filed.

Therefore, Plaintiff filed an Application for Entry of Default (ECF DKT #12); and Default was entered as to both Defendants on May 1, 2023. (ECF DKT #13).

Defendants filed the instant Motion to Set Aside Default and for Relief from Default Judgment on May 8, 2023. (The Court notes, however, that no final default judgment has been entered.). In their Motion and supporting papers, Defendants assert that their request is timely since it was made within 8 days of the Entry of Default. Defendants raise defenses cognizable at law, such as lack of personal jurisdiction over them and Plaintiff's lack of standing. Defendant Hopkins states that he is the owner of The Northside Tavern. He was at the site of a deadly explosion in Oakwood Village on February 20, 2023; and as a result, was traumatized, in shock and unable to attend to his business affairs. Upon learning of the instant lawsuit, he immediately hired counsel to defend himself and his tavern business. Defendant contends that he had no intent to unduly delay or thwart these judicial proceedings. As of this date, Plaintiff has filed no opposition to Defendants' Motion.

## II. LAW AND ANALYSIS

**Setting aside an entry of default**

Pursuant to Fed.R.Civ.P. 12(a)(1)(A), a defendant must serve an answer within twenty-one days of being served with a summons and complaint unless service is waived. Under Fed.R.Civ.P. 55(a), the clerk must enter a default when a party fails to defend an action as required. However, Fed.R.Civ.P. 55(c) grants the Court the authority to set aside an entry of default for "good cause."

In *Berthelsen v. Kane,* 907 F.2d 617, 620 (6th Cir. 1990), the Sixth Circuit opined:

> The same considerations exist when deciding whether to set aside either an entry of default or a default judgment, but they are to be applied more liberally when reviewing an entry of default. While a default judgment may be vacated only by satisfying the stricter standards applied to final, appealable orders under Fed.R.Civ.P. 60(b), an entry of default may be set aside for "good cause shown." Fed.R.Civ.P. 55(c).

"[J]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839, 845 (6th Cir.1983). "[M]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion" to set aside an entry of default judgment. *Id.* The Sixth Circuit has stated, "in general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d 318, 322 (6th Cir. 2010).

"In determining whether good cause exists, the district court must consider: '(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced.'" *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d at 324, quoting *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992). "Although '[a]ll three factors must be considered in ruling on a motion to set aside an entry of default,' when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d at 324, quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir. 1986).

Upon consideration of Defendants' arguments and Defendant Hopkins' Affidavit

(ECF DKT #16-2), the Court finds that neither Defendant acted with any intent to thwart these proceedings nor with disregard for the Court's authority. The Court further finds that Defendants have meritorious defenses under Fed.R.Civ.P. 12(b). Moreover, by not opposing the Motion, Plaintiff has failed to demonstrate any prejudice or tangible harm, aside from the inability to proceed to judgment by default.

### III. CONCLUSION

In keeping with the Sixth Circuit's policy of resolving cases on the merits, the Court holds that there is good cause to set aside the Entry of Default pursuant to Fed.R.Civ.P. 55(c). Therefore, the Motion (ECF DKT #16) of Defendants Lawrence S. Hopkins and Northside Tavern LLC to Set Aside Default is granted.

Furthermore, in light of this ruling, Defendants' Motion (ECF DKT #15) for Leave to File their Answer or Responsive Pleading is granted. Defendants' Answer or Responsive Pleading shall be filed by June 14, 2023.

**IT IS SO ORDERED.**

**DATE: June 5, 2023**

    s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**